SALMON, MICHAEL H., Associaté Judge.
Appellant (former husband) appeals the trial court’s ruling granting appellee’s (former wife) petition to enforce a Final Judgment and Property Settlement Agreement. We reverse.
The appellant was granted a divorce a vinculo matrimonii from the former wife, in Virginia, on August 6, 1986. Included in the decree of divorce was the statement:
And this cause is continued for the sole purpose of incorporating a Separation Agreement between the parties into a Final Decree herein and memorializing the understanding entered into between the parties in that certain draft Separation and Property Settlement Agreement entered into by the parties hereto on the 13th day of May, 1986.
No other proceedings were held, and whatever agreement was entered into was never made part of a Final Decree. On November 17, 1989, the Circuit Court of Frederick County of Virginia struck Kriwinsky v. Kriwinsky from the Chancery Docket and placed it among causes ended. The former wife sought enforcement of the decree in Florida, and filed a motion for contempt, but the former husband’s motion to dismiss was granted because the decree had not been domesticated. After recording the foreign judgment, the former wife filed a second Petition to Enforce Final Judgment and Property Settlement Agreement. The trial court, stating that it was granting the petition, ordered that the appellee recover the amount admitted to be unpaid under the draft agreement (which apparently was entered into and partially performed by the parties, and pursuant to which the appellant made payments for twenty-eight or twenty-nine months), prejudgment interest, attorney’s fees and costs.
The question before us is whether the trial judge had jurisdiction to grant the relief he gave. Unfortunately, he did not. Questions of finality of the Virginia decree to the side, no judgment exists either in Florida or Virginia which incorporates the terms of any property settlement agreement, so there is nothing to enforce in Florida.[1]
GLICKSTEIN, C.J., and GUNTHER, J., concur.

. The question of whether appellee is entitled to enforce her claim in Florida by way of an action for breach of contract is not before us.